## Case No. 12,250.

### SALENTINE v. FINK.

### O'NEIL v. SAME.

[8 Biss. 503; 8 Reporter, 489; 11 Chi. Leg. News, 384; 20 Alb. Law J. 335.] [1]

Circuit Court, E. D. Wisconsin. April, 1879.

EXEMPTIONS—HOMESTEAD—CONGRESS—PRESUMP-
TIONS—PRINCIPAL AND SURETY—ACTION
AGAINST SURETY.

1. In final process on a judgment in a suit upon a bond given to relieve property from seizure for violation of the revenue law, the homesteads of the sureties upon such bond, in Wisconsin, are exempt. The action and judgment upon the bond must be considered as a civil proceeding.

2. It is competent for congress to pass laws declaring whether there shall be an exemption or not, but there having been no legislation upon that subject, it may fairly be inferred that it was intended to leave the question to the legislation of the states respectively.

3. Where there is no language in the exemption law indicating whether or not such exemption is to apply to the government, it will be construed as applying as well to the state as to the individual.

4. Congress not having legislated upon the subject, a writ in favor of the United States in a civil case cannot be levied upon a homestead exempt by the state law from levy under process of the state courts. It seems: that if congress chooses to legislate on the subject, the U. S. courts would not be bound by state exemption laws.

[These were actions by Matthias Salentine against Henry Fink, marshal, and Thomas

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 8 Reporter, 489, and 20 Alb. Law J. 335, contain only partial reports.]

O'Neil against the same defendant, asking that Fink, as marshal, be restrained from selling plaintiffs' homesteads.]

Murphey & Goodwin, for plaintiff.

G. W. Hazleton, Dist. Atty., for defendant.

DRUMMOND, Circuit Judge. These cases grow out of the following facts: Salentine was a rectifier, and for a violation of the internal revenue laws his property was seized under a process issued by the United States. While thus in possession of the officer a bond was executed by himself and sureties, and his property released from seizure. After this was done, a suit was brought by the United States on the bond against Salentine and the sureties, and a judgment recovered. Upon that judgment the United States sued out an execution, and the homesteads of the sureties were levied on under the execution. Thereupon, the sureties each filed a bill against the marshal who had the writ and who made the levy, asking that he be restrained from selling the homesteads of the plaintiffs.

The question is, whether, under a judgment and execution thus obtained by the United States against a resident of this state, under the law as it stands, a homestead can be levied on and sold. I am of the opinion that it cannot. It is to be observed that this must be considered, at least as to the sureties, a judgment in a civil suit. It was rendered because the defendants in the suit had not complied with the condition of the bond. It was, therefore, simply an action and a judgment upon the bond which had been given. Under the law of this state, the homestead of everyone is reserved from execution and sale, without regard to its value. The language of the statute of this state is:

"A homestead, to be selected by the owner thereof, consisting, when not included in any city or village, of any quantity of land not exceeding forty acres, used for agricultural purposes, and when included in any city or village, of a quantity of land not exceeding one-fourth of an acre and the dwelling house thereon and its appurtenances, owned and occupied by any resident of this state." Rev. St. Wis. 1878, c. 130, § 2983.

The question is whether that is applicable to the United States. It must be borne in mind that real estate was not at common law subject to lien and sale on execution.

I have no doubt that it is entirely competent for congress to pass such laws upon the subject of executions issuing out of the courts of the United States as it chooses. It can declare whether there shall be an exemption or not, and to what extent, but there has been no legislation of congress upon the general subject in cases of civil actions brought by the government against citizens or residents of the United States. This question has been left almost exclusively to the legislation of the states. And the main ground upon which I put the case, and hold that the United States cannot levy upon and sell the property of the plaintiffs, is, that there has been no legislation of congress upon the subject, and because it is fairly inferable that it was intended to leave the question to the legislation of the states, respectively.

Undoubtedly these statutes of exemption by the states do not include cases where property is liable for taxation, unless the language clearly indicates that for the taxes the property shall not be liable to seizure and execution, and if this were for a tax that had been imposed by the government upon the land, of course it would not be exempt from execution and sale. But I find that the general current of authority clearly is that where there is no language in the statute of a state used to indicate whether or not the exemption is to apply to the state, that the courts have generally construed it to apply as well to the state as to individuals. See the authorities cited in Thomp. Homest. & Ex. § 385. Therefore, if this were a judgment recovered by the state against these parties for an ordinary debt due upon a bond, the homestead would be exempt under these decisions, and being so exempt in the case of a judgment for a debt obtained by the state, and execution thereon, it is also exempt, I think, under the same circumstances where the execution issues on the part of the United States. The case in Kentucky, cited on the argument, seems to be an exception to the general current of authority upon this subject.

Of course the law of this state is very liberal in relation to the value of the homestead. It is without limit as to value, and many people think that it is even unreasonable. But it is a question for the legislature of the state or for congress, and not for the courts. If congress sees fit to legislate upon the subject, its legislation would be binding upon the property of the citizens and residents of the states, respectively, because congress undoubtedly has a right to prescribe what shall be taken on execution in favor of the United States, on judgments obtained in its own courts.

I think this view is strengthened by section 916 of the Revised Statutes of the United States: "The party recovering a judgment in any common law cause in any circuit or district court, shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are now provided in like causes by the laws of the state in which such court is held, or by any such laws hereafter enacted, which may be adopted by general rules of such circuit or district court."

It may be said it was not intended to include the government by the term, "the party recovering a judgment." And that would have great force, if, as I have already intimated, it had not been decided by the vari-

ous courts that have had the question before them, that although the state is not named, it is included. So that, in the absence of any legislation by congress upon the subject, we must hold that the homestead in this case was exempt from levy and sale on execution.